**CLD-213**                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1823
_____

DANNY LEE FLECK,
Appellant

v.

FEDERAL CORRECTIONAL INSTITUTION;
WARDEN R. WERLINGER
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00064)
District Judge:  Honorable Kim R. Gibson
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2012

Before:  RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 25, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Danny Lee Fleck, proceeding pro se, appeals from an order of the United States

District Court for the Western District of Pennsylvania denying his petition filed pursuant

to 28 U.S.C. § 2241.  Appellees have filed a motion seeking summary affirmance of the

District Court's order. For the reasons that follow, we will grant the motion and summarily affirm the judgment of the District Court.

Fleck, an inmate at the Federal Correctional Institution at Loretto, Pennsylvania, was charged with Fighting with Another Person, in violation of the Bureau of Prisons' ("BOP") Code 201. A prison officer prepared an incident report dated July 22, 2010, stating that Fleck and another inmate, while seated in the television area of the Dorm Housing Unit, entered into a heated argument concerning a song and their experiences in the 1960s. The argument escalated and the inmates became involved in a physical altercation. Following an administrative hearing, a Discipline Hearing Officer ("DHO") found that Fleck had committed the charged act and imposed various sanctions, including disallowance of fifteen days of good time credit. Fleck's administrative appeals were unsuccessful.

Fleck then filed his section 2241 habeas petition, challenging the results of the prison disciplinary decision. As relief, Fleck sought to have his record expunged, his good time credit restored, and to be reinstated at his prison job. The named defendants responded to the petition, arguing that Fleck's disciplinary hearing complied with all that due process requires. Fleck also filed a motion for summary judgment. The Magistrate Judge issued a report recommending that the petition be denied. Over Fleck's objections, the District Court adopted the report and recommendation and denied the section 2241 petition. Fleck filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Section 2241 is the appropriate vehicle for constitutional challenges when a prison disciplinary proceeding results in the loss of good time credits, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and a certificate of appealability is not required to appeal the denial of a section 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We review the District Court's denial of habeas corpus relief de novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Federal prisoners have a liberty interest in statutory good time credits. See Vega, 493 F.3d at 317 n.4 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974), and 18 U.S.C. § 3624(b)(1)). Thus, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). In addition, the disciplinary decision must be supported by "some evidence" in the record. See id. at 455.

Upon review of the record, we agree with the District Court that Fleck received all the process he was due during the disciplinary proceedings. Fleck was given advance written notice of the charge against him, a hearing before an impartial tribunal, and a written statement from the factfinders describing the basis for the decision. Fleck waived

3

his right to assistance from an inmate or staff representative as well as his right to call witnesses in his defense.

Additionally, the DHO's findings were supported by "some evidence" in the record. Fleck does not dispute that he had been involved in a verbal altercation with another inmate, but instead argues that the BOP code under which he was convicted, Code 201, relates to physical altercations, not verbal ones. Fleck did not submit any evidence, however, demonstrating that Code 201 is limited to physical altercations. On the other hand, the government produced a copy of Fleck's administrative appeals decision which notes that "[a] fight is a hostile physical or verbal encounter, or altercation, between two or more persons."

In Fleck's objections to the report and recommendation of the Magistrate Judge, he provided a copy of a page from the BOP handbook which includes that precise language. Although Fleck claims that the BOP drafted that language only after he was convicted of the offense, there is no evidence to suggest that is the case. Thus, in light of Fleck's admission that he had been involved in, at least, a verbal altercation with another inmate, sufficient evidence supports the disciplinary decision.

Accordingly, we will grant Appellees' motion for summary action and affirm the District Court's judgment.

4